UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS M. DIXON,

      Plaintiff,

   v.                                Case No. 2:17-cv-778
                                       Chief Judge Edmund A. Sargus, Jr.
                                       Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

      Plaintiff, Thomas Dixon ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for social security disability insurance benefits. This matter is before the Court on Plaintiff's Statement of Errors (ECF No. 20), the Commissioner's Memorandum in Opposition (ECF No. 21), and the administrative record (ECF Nos. 18–19). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Statement of Errors be **OVERRULED** and that the Commissioner's decision be **AFFIRMED**.

      Plaintiff raises four issues in his Statement of Errors (ECF No. 20). However, beyond a brief listing of these issues, Plaintiff does not otherwise provide the Court with any facts, law, or argument in support of his claim. The entirety of Plaintiff's Statement of Errors, submitted by Plaintiff's counsel, reads as follows:

## **STATEMENT OF ERRORS**

(1) Inadequate assistance of counsel. The Administrative Law Judge admonished former counsel related to his lack of preparation and presentation. Further, former counsel failed to prepare claimant and only briefly met with claimant at the beginning of his representation and ever so briefly prior to each hearing.

(2) Evidence in the record. The Administrative Law Judge failed to consider and evaluate Dr. Aguilar's progress notes and overall arbitrarily chose to ignore the medical evidence as it would relate to claimant's disability.

(3) The Administrative Law Judge made its own determination outside of the record, unsupported by the evidence reported and without factual substantiation.

(4) Claimant, at a minimum, has been disabled for a recognized closed period based upon the records in evidence. Further, beyond the closed period, claimant is disabled per the listings as a result of disk degeneration, spinal stenosis, sciatica, limitations on activities of daily living, depression, anxiety, and history of a gunshot wound. All of these medically determined issues, singularly or in combination, establish claimant's disability.

(Statement of Errors at 1–2, ECF No. 20.)

Plaintiff's conclusory statement of the issues is not sufficient for the Court to meaningfully evaluate his claims. Plaintiff has not explained, *e.g.*, which medical evidence the ALJ "overall arbitrarily chose to ignore," on what evidence outside the record the ALJ relied, or for which "closed period" Plaintiff was disabled. As a result, Plaintiff's claims fail. *See McPherson v. Kelsey*, 125 F.3d 989, 996-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." (internal quotation marks and citations omitted)); *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490-91 (6th Cir. 2006) ("This challenge warrants little discussion, as Hollon has made little effort to develop this argument in her brief on appeal,

or to identify any specific aspects of the Commissioner's determination that lack support in the record.").

Moreover, as to Plaintiff's assertion of ineffective assistance of counsel, numerous courts have held that social security claimants have no constitutional right to counsel at social security proceedings. *E.g.*, *Spencer v. Comm'r of Soc. Sec.*, No. 1:13CV454, 2014 WL 4351418, at *4 (S.D. Ohio Sept. 2, 2014); *Smith v. Comm'r of Soc. Sec.*, No. 1:12CV2042, 2013 WL 2551951, at *19 (N.D. Ohio June 7, 2013). Accordingly, this asserted error has no merit.

For the foregoing reasons, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE